IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN KIEHL | ) | CASE NO. |
| 1312 Richmond Road | ) | |
| Lyndhurst, Ohio  44124, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| vs. | ) | (Trial by Jury Demanded) |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM-HEATHER HILL, INC. | ) | |
| 11100 Euclid Avenue | ) | |
| Robb 5018 | ) | |
| Cleveland, Ohio  44106, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jean Kiehl ("Kiehl") for her Complaint against Defendant University Hospitals

Health Systems – Heather Hill, Inc. ("Defendant") states and alleges as follows:

## PARTIES

1.    Kiehl is an individual who resides in Lyndhurst, Ohio at the time of the wrongful

acts alleged herein.

2.    Defendant is an Ohio corporation doing business in the State of Ohio and in

Cuyahoga and Geauga County, Ohio.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 201 et seq., and 28 U.S.C. § 1331, as well as this Court's power to assert supplemental jurisdiction of state claims.

4.     The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Northern District, Eastern Division of this Federal Court.

5.     At all times relevant hereto, Kiehl worked for the Defendant in Geauga County, Ohio which is the County in which the Defendant conducted the activity that gave rise to Kiehl's claims for relief, and the County in which all or part of Kiehl's claim arose.

6.     At all times pertinent hereto, Defendant was an "Employer" within the meaning of Ohio Revised Code § 4112.01 (A) (2) and the Fair Labor Standards Act of 1938 ("FLSA").

## FACTUAL BACKGROUND

7.     Kiehl realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 6 as if fully rewritten herein.

8.     Kiehl began working for the Defendant in September 2005.

9.     Since September 2005, Kiehl has been employed as a Hospital Services Representative.

10.     As a Hospital Services Representative, Kiehl's primary duties and responsibilities included low level sales activities, secretarial duties, and supervised marketing functions, among other things.  Kiehl's written evaluations have been fully satisfactory and she is competent and qualified to perform her position of employment with Defendant.

11.     Despite the fact that Kiehl's job duties were without any significant exercise of discretion and/or independent judgment, Kiehl was wrongfully and improperly classified as an "exempt" employee.

12.     Kiehl routinely and regularly worked substantially in excess of forty (40) hours per week, and often worked a seven (7) day work week performing the duties assigned to her by Defendant.

13.     As a Hospital Services Representative, Kiehl was never paid overtime wages in accordance with federal and state law.

14.     In approximately September 2007, Defendant hired Linda Marshall ("Marshall"), an African-American female, to supervise Kiehl.

15.     Thereafter, Marshall began a course of discrimination against Kiehl in order to force Kiehl to quit employment and/or in order to manufacture reasons to terminate her.  Among other things, Marshall called Kiehl "useless" and made derogatory and untrue statements about Kiehl to other employees.  Marshall also changed Kiehl's job duties.

16.     In October and November 2007, Kiehl complained about Marshall's treatment of her to Defendant's Human Resources Director Danialle Lynce ("Lynce").  Lynce failed to investigate the mistreatment of Kiehl and simply took Marshall's word that no discriminatory and/or improper conduct occurred.

17.     In November 2007, Marshall and Lynce told Kiehl that she ought to consider resigning and would be given a "severance package" if she did so.  Just a few hours after the last such "severance" conversation on November 30, 2007, Kiehl called the Defendant's highly promoted, anonymous "hotline" to complain about her unfair and discriminatory treatment on

the part of Marshall and Lynce. Kiehl was told that her complaint would be investigated and she would be notified within 14 days of the outcome of her complaint.

18.    Kiehl was promised by Defendant that no retaliatory action would be taken for calling the "hotline" and complaining about Marshall.

19.    As soon as Marshall and Lynce found out about Kiehl's "hotline" call, they immediately suspended Kiehl, terminated her just seven days later on December 7, 2007, and pulled the "severance package" that they discussed with Kiehl. Kiehl was never notified of the outcome of her "hotline" complaint and indeed, was told by the "hotline" personnel on the day of her termination that her complaint was still open and still in the process of being investigated.

20.    Defendant discharged Kiehl and retaliated and discriminated against her in violation of state and federal law.

21.    Defendant's conduct as set forth above was willful, malicious, and recklessly indifferent to the rights of Kiehl.

## FIRST CAUSE OF ACTION

### (Non-Payment of Overtime-FLSA)

22.    Kiehl realleges and incorporates by reference all the allegations contained in Paragraphs 1 through 21, as if fully rewritten herein.

23.    Section 7 of the FLSA requires employers to pay overtime to employees who work more than forty (40) hours per week.

24.    Defendant wrongfully and willfully misclassified Kiehl as an "exempt" employee and failed to pay her overtime wages as required by the FLSA.

25.    Kiehl regularly worked substantially more than forty (40) hours per week.

26.     Defendant failed to keep the records required by the FLSA regarding the hours and days worked by Kiehl.

27.     Defendant acted with malice and/or with reckless indifference to Kiehl's protected rights, and for such willful conduct, Defendant is liable for punitive and/or liquidated damages.

28.     As the direct and proximate result of Defendant's conduct set forth above, Kiehl has suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Non-Payment of Overtime-State law)

29.     Kiehl realleges and incorporates by reference all the allegations contained in Paragraphs 1 through 28, as if fully rewritten herein.

30.     R.C. §4111.03 (A) requires that employers pay overtime wages to employees who work more than forty (40) hours per week.

31.     Defendant wrongfully and willfully misclassified Kiehl as an "exempt" employee and failed to pay her overtime wages as required by Ohio law.

32.     Kiehl regularly worked substantially more than forty (40) hours per week.

33.     Defendant failed to keep the records required by Ohio law regarding the hours and days worked by Kiehl.

34.     Defendant acted with malice and/or with reckless indifference to Kiehl's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

35.     As the direct and proximate result of Defendant's conduct set forth above, Kiehl has suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Retaliation)

36.     Kiehl realleges and incorporates by reference all the allegations contained in Paragraphs 1 through 35, as if fully rewritten herein.

37.     It is an unlawful employment practice under federal and/or state law to discharge an employee and/or to discriminate against an employee with respect to the terms, conditions and privileges of employment in retaliation for protected activity.

38.     Defendant wrongfully discharged Kiehl and/or failed to offer her "severance" in retaliation for protected activity.

39.     Kiehl is a member of a protected class and she is qualified for her position of employment with the Defendant.

40.     Defendant acted with malice and/or reckless indifference to Kiehl's protected rights, and for such willful conduct, Defendant is liable for punitive and/or liquidated damages.

41.     As a direct and proximate result of the Defendant's conduct as set forth, Kiehl has suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Violation of Public Policy)

42.     Kiehl realleges and incorporates by reference all the allegations contained in Paragraphs 1 through 41, as if fully rewritten herein.

43.     Defendant's discharge of Kiehl in retaliation for protected activity violated the state and federal public policies against discrimination, retaliation, and wrongful discharge.

44.     Defendant acted with malice and/or with reckless indifference to Kiehl's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

6

45.     As a direct and proximate result of the Defendant's conduct as set forth above, Kiehl has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff Jean Kiehl demands judgment against Defendant University Hospitals Health Systems – Health Hill, Inc. as follows:

1.     For compensatory, liquidated, punitive, and/or statutory damages in an amount to be determined at trial;

2.     For interest, costs, damages, expenses and attorneys' fees as allowed by law; and

3.     For such other and further relief as this Court may deem appropriate.


Respectfully submitted,


Mark R. Koberna (0038985)
Daniel D. Domozick, Esq. (0025040)
SONKIN & KOBERNA CO., L.P.A.
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio  44122
(216) 514-8300
(216) 514-4467 facsimile
Attorneys for Plaintiff Jean Kiehl

## JURY DEMAND

Kiehl demands a trial by jury on all issues that are so triable.


Respectfully submitted,



Mark R. Koberna (0038985)
Daniel D. Domozick, Esq. (0025040)
SONKIN & KOBERNA CO., L.P.A.
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio  44122
(216) 514-8300
(216) 514-4467 facsimile
Attorneys for Plaintiff Jean Kiehl